This is a suit seeking to establish the boundary between the properties of plaintiffs and defendant. Plaintiffs' property lies north of defendant's property. In accordance with the prayer of plaintiffs' petition, the lower court ordered a Civil Engineer to survey and make a map of the properties, fixing the dividing line. The procès verbal and map of said survey are filed in evidence and show that defendant has erected a fence on the north side of his property which encroaches upon plaintiffs' property at the southeast corner by 1.10' and on the southwest corner by 3.6'. The defendant contends that the boundary between the two properties was extra-judicially fixed more than thirty years ago and that he and his authors in title have had actual, physical possession of the property he now has under fence for more than thirty years, and pleads the prescription of thirty years. The lower court sustained the plea of prescription and rejected the demands of plaintiffs.
The record discloses there are no governmental corners to be found in this section; that as early as 1905, there was a fence dividing the two properties, which dividing line was marked with monuments. At one corner there was a wagon or buggy-axle and iron pipe at other places on the line. All the former owners of the property from that time until the present dispute arose recognized the old fence as being the correct boundary between them. The fence recently erected by defendant is on the exact line of the old fence, and defendant testified without contradiction that he removed some of the old fence when he built the present one. The record also shows that there is evidence of the old fence line. Defendant's property is part of a Subdivision which was created in 1911 or 1912. When this Subdivision was surveyed and divided into lots, the boundary line occupied by the fence was used as the true north line, and the monuments marking the line were present at that time and they were there as late as 1934.
It is plaintiffs' contention that there is a hedge of some kind on the inside of defendant's fence and that the hedge is the correct line. The record shows, however, that the hedge was planted by defendant and was inside his fence, which he claims to be the true boundary. It was not planted on the boundary line nor was it intended to be planted on that line. Plaintiffs also contend they possessed the property to the north of the line found by the Civil Engineer appointed by the court from 1934 until defendant erected the present fence. They base their claim of possession upon their cultivating the land north of the line. They claim to have plowed right up to the dividing line. The evidence does not support that claim and it is hardly probable that anyone would plow exactly up to the boundary line, as some room is necessary to turn the animal or machine pulling the plow. The best evidence, we think, is that plaintiffs did not plow near to the line until after the dispute arose over the boundary.
Giving due weight to all the evidence, we are convinced that defendant and his authors in title actually possessed the land south of the present fence, which was erected by defendant in recent years, for a period of more than thirty years and that this fence line was extra-judicially established as a boundary between the two *Page 746 
properties and recognized by all as the true boundary for more than thirty years prior to the filing of this suit and from a period of time prior to 1905, and the plea of prescription of thirty years filed by defendant was properly sustained below. Opdenwyer v. Brown, 155 La. 617, 99 So. 482. The opinion in this case reviews all the jurisprudence on this subject and overrules those cases holding to a contrary view.
It therefore follows that the judgment of the lower court is affirmed, with costs.